**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO.    19-cr-00369-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JESSE WAYNE HART,

        Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION FOR AN EXCLUSION OF**
**90 DAYS FROM THE SPEEDY TRIAL ACT**
_____

Defendant Jesse Wayne Hart ("Mr. Hart"), by and through undersigned counsel ("counsel"), respectfully moves this Court to for an order excluding 90 days from the speedy trial computations, and extending by 30 days the time for filing pretrial motions. In support of this motion, Mr. Hart states as follows:

1.    On August 20, 2019, the government filed a three indictment against Mr. Hart.  Count One and Two charge Mr. Hart with attempt to distribute and possess with intent to distribute a controlled substance; in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Three charges Mr. Hart with money laundering; in violation of 18 U.S.C. § 1956(a)(3)(B). The indictment also contains a forfeiture count.

2.    On August 22, 2019, an arraignment occurred.  At that hearing, the Court found the seventy-day speedy trial date to be October 29, 2019 and Mr. Hart entered pleas of not guilty as to each count of the indictment.

3.      Trial has been set for October 28, 2019.  Motions are due by September 27, 2019.

18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(I) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 572 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See*

*id.* at 1271-72.

In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  See *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See Id.* No single factor is determinative.  *See Id.*

This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Hart requests that this Court continue the trial, vacate current deadlines, and exclude 90 days from the speedy trial calculations.

A.    <u>The diligence of the party requesting the continuance</u>

Counsel will diligently work on this case.  He has begun a preliminary review of discovery.  The investigation in this case dates back to March of 2014.  Discovery consists of approximately 2700 pages.  Counsel received the discovery on or about September 9, 2019.

Counsel needs to review the discovery with Mr. Hart and also review approximately 8 hours of video/audio tape.  Some portions of the audio tapes may have to be translated. A portion of discovery consists of bank records which will need to be analyzed with respect to the current charge of money laundering.

Further, counsel handles a large portion of his office's Durango Protocol docket.

This necessitates frequent travel to Durango at least once a month.[1]  Currently counsel has a trial scheduled in mid-January 2020; *United States v. Blair Root House*, Case No. 19-cr-00349-REB-JMC.  Counsel has additional matters set for hearings in early October.  *United States v. Delphine Clark*, Case No. 19-cr-00601-REB-JMC; *United States v. Marettas Frost*, Case No. 19-cr-0002-REB-JMC; *United States v. Eduardo Nuricombo-Gomez*, Case No. 19-cr-00272-REB-GPG.

As a result, failure to grant a continuance could result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(I), and deny counsel for Mr. Hart, the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv).

Counsel has exercised due diligence so far in this case.  Mr. Hart has set forth the posture of this case and discovery.  He has articulated in terms which do not do harm to the confidential preparation of his case, and the tasks required of counsel.  To provide effective representation, a continuance of the current deadline is needed.

B.   The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance

A continuance of the trial in this matter would allow adequate time for counsel to accomplish the purposes set for above as the need for the continuance.  Mr. Hart requests a continuance so that the defense will have sufficient time to investigate the case, research the legal issues surrounding the case, file any necessary pretrial motions, and properly defend against the allegations.

---

[1] Counsel was in Durango from September 18 through September 20, 2019 and will be in Durango from October 7th through October 9, 2019.

C.    The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance:

There is no information to suggest that the government or its witnesses would be inconvenienced by this requested continuance.  As set forth above, the government does not oppose this motion.  Counsel is not aware of any inconvenience that will result to this Honorable Court as a result of this requested continuance, but Counsel respectfully cannot presume in any given instance that the Court would or would not be inconvenienced by this request.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.

D.    The need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance:

The need for the continuance is great.  Without such a continuance, counsel for the defendant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

Until all the discovery is reviewed, the necessary investigation has been completed, and the legal issues have been researched, counsel cannot effectively prepare pretrial motions and defend against the pending charges.  The harm that would result by this Court's denial of the request for a continuance would be great as it would deprive the defendant of adequate and competent counsel.  Without the requested continuance, the defense will be unable to prepare a defense in this case and counsel will not be able to provide effective assistance of counsel.

Under the factors set forth in West, supra, as well as the teachings of Williams, supra, United States v. Toombs, 475 F.3d 1262, 1268 (10th Cir. 2009), and United States v. Medrano, 2009 WL 45547801 *4-7 (08-1273) (10th Cir. December 7, 2009), even

exercising due diligence undersigned counsel could not be prepared for trial within the time limits of the Speedy Trial Act.

Because it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself without the normal speedy trial limits, the Defendant respectfully requests that this Court vacate all current trial dates and allow a significant additional period of time to prepare this case for trial.  As a result, the defense respectfully requests that the Court exclude 90 days from the Speedy Trial limits.

Counsel has contacted Assistant U.S. Attorney Andrea Surratt, and she does not oppose this motion.

WHEREFORE, Mr. Hart respectfully requests that this Court issue Orders excluding 90 days from the speedy trial time limitations and extend by 30 days the deadline for filing pretrial motions and further requests that the trial and motions dates be vacated.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Matthew C. Golla
MATTHEW C. GOLLA
Assistant Federal Public Defender
633 - 17th Street, Suite 1000
Denver, Colorado    80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: Matt_Golla@fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrea Surratt, AUSA
Email: amdrea/surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jesse Hart (Via U.S. Mail)

s/ Matthew Golla
Matthew C. Golla
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matt_Golla@fd.org
Attorney for Defendant