IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-CR-00369-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE WAYNE HART

    Defendant.

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF SPEEDY TRIAL TIME AND CONTINUANCE OF TRIAL AND RELATED DATES**

    Jesse Hart, by and through counsel, Abraham V Hutt and Richard K. Kornfeld of Recht Kornfeld, P.C., respectfully moves this Court for an Order, pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) for a 90 day ends of justice exclusion of time from the speedy trial calculation in this case and for a continuance of the trial and related dates and deadlines, on the following grounds:

    1.    Mr. Hart is charged alone in a 3-count indictment filed on August 20, 2019 with distribution of MDMA and amphetamines and with money laundering, Doc 20. Mr. Hart was granted pre-trial release and has remained in full compliance with all of the terms of his release, including submitting completely clean random urine samples and having no violations of his Home Detention.

    2.    Undersigned counsel have just been retained by Mr. Hart who has requested that they represent him. Newly retained counsel filed an Entry of Appearance on November 27, 2019, Doc. 32. Mr. Hart has heretofore been represented by Matthew Golla of the Office of the Federal

1

Public Defender, who, at Mr. Hart's request, filed a Motion to Withdraw on December 3, 2019, Doc. 33.

3. The U.S. Supreme Court has held that "an element of the Sixth Amendment right to counsel is the right of a defendant who does not require appointed counsel to choose who will represent him." United States v. Gonzalez-Lopez, 548 U.S. 140 (2006)." At the beginning of the case Mr. Hart did not have sufficient funds available to him to hire private counsel. As he no longer requires appointed counsel he has chosen undersigned to counsel to undertake his representation. Mr. Hart understands that exercising his right to hire private counsel effects his right to a speedy trial by necessitating the delay requested in this motion. He is making the decision to retain counsel and delay his trial knowingly and voluntarily and after full consultation with counsel.

4. The upcoming court appearances in this case are set forth in Document 31, the courtroom minutes for October 3, 2019. They include a pretrial motions deadline of December 9, 2019, a response deadline of December 20, 2019, a trial preparation conference on January 31, 2020 and a trial date of February 3, 2020. In addition to the reasons set forth below that defense counsel is seeking an ends of justice continuance for sufficient time to prepare, defense counsel are unavailable on the presently scheduled trial date due to previously scheduled appearances in other jurisdictions.

5. Undersigned counsel have not yet received discovery from the government but have begun a review of portions of discovery previously provided to Mr. Hart by the Office of the Public Defender. The Public Defender informed the court in Document 28 filed on September 26, 2019 that the discovery included some 2700 pages of reports, 8 hours of audio/video recordings and banking records. On October 3, 2019 (Doc. 31) the court granted the parties' request for a 90 day

2

ends of justice exclusion of time from the speedy trial calculation in order to allow sufficient time for counsel to study all of that material, confer with Mr. Hart and undertake necessary defense investigation in order to prepare his defense and undertake plea negotiations with the government. New counsel are also requesting to be provided a similar 90 day ends of justice continuance to accomplish these tasks.

6. Without the exclusion of the requested time from speedy trial to review the discovery as well as to identify and gain input from expert and lay witnesses, it will not be possible to prepare an effective defense within the requisite time frames. New counsel will be diligent in learning the case, conferring with counsel for the government and advising Mr. Hart.

7. Mr. Hart further requests that the deadlines for the filing of pretrial motions, disclosure of experts, and other temporal requirements in this matter, set forth in Document 31, also be continued for the reasons stated above.

8. Undersigned counsel and counsel for the government will continue to communicate about these issues, and it is possible that a pretrial disposition will be agreed upon. However, meaningful disposition discussions cannot be fully realized until defense counsel has properly reviewed the discovery and investigated the case.

9. Undersigned counsel Assistant United States Attorney Andrea Surratt, who has authorized him to state that the government is not opposed to this motion. Mr. Hart also concurs with the request made herein.

10. Consistent with the guidance provided in <u>United States v. Toombs</u>, 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

3

**a) Whether a failure to grant the continuance would result in a miscarriage of justice**, *See* 18 U.S.C. § 3161(h)(7)(B)(I).  As stated above, the discovery counsel anticipates receiving from the government, as described by previous counsel, contains voluminous materials including investigation reports, bank records, audio/video recordings and information concerning use of "the dark web."   The defense asserts a miscarriage of justice would occur if the Mr. Hart's counsel of choice were required to proceed under the current time limitations because counsel would have inadequate time to review all of the discovery materials and investigate this matter.

**b) Whether a failure to grant the continuance would deny counsel for the Mr. Hart reasonable time necessary for effective preparation, taking into account the exercise of due diligence**, *See* 18 U.S.C. § 3161(h)(1)(A). Failure to grant a continuance in this case would unreasonably deny Mr. Hart's counsel of choice the reasonable time necessary effectively to advise Mr. Hart as to his options, provide their best professional advice regarding the best course of action, and, if necessary, effectively prepare for trial.  As stated earlier, the need to review the discovery materials in this case has a direct bearing on the way in which undersigned counsel will advise Mr. Hart.

11. It is in the interest of justice to grant this Motion.  No party will be prejudiced thereby, but prejudice would result to Mr. Hart if he was unable to use counsel of his choosing or if that counsel did not have adequate time to prepare.

WHEREFORE, Mr. Hart respectfully moves this Court for an Order granting a 90 day exclusion of time from speedy trial and a continuance of all the presently scheduled trial-related dates and deadlines.

Respectfully submitted this 4th day of December, 2019

**RECHT KORNFELD, P.C.**

*s/ Abraham V Hutt*
Abraham V Hutt, #14137
Richard K, Kornfeld, #24198
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
Fax: (303) 446-9400
abe@rklawpc.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2019, I electronically filed the foregoing **UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF SPEEDY TRIAL TIME AND CONTINUANCE OF TRIAL AND RELATED DATES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Leni Charles*
Leni Charles, Legal Assistant