**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-00369-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JESSE WAYNE HART
    Defendant.

---

**MOTION TO ALLOW DEFENDANT TO REMAIN OUT OF CUSTODY PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(C)**

---

Defendant Jesse Wayne Hart, by and through counsel, Abraham V. Hutt and Richard K. Kornfeld of Recht Kornfeld, P.C., respectfully moves this Court for an Order allowing Mr. Hart to remain out of custody pending sentencing pursuant to 18 U.S.C. 3145(c). In support of said Motion, Defendant states as follows:

    1.    On May 4, 2020, Defendant anticipates entering into a plea agreement in this matter which contemplates a conviction to a violation of 21 U.S.C. 841(a)(1).

    2.    Pursuant to 18 U.S.C. § 3143(a)(2), the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained". 18 U.S.C. § 3143 (a)(2). The offense contemplated by the plea agreement carries a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), and thus falls into the offenses enumerated under § 3142 for which the mandatory detention provision applies.

3. When a defendant pleads guilty, this mandatory detention provision applies unless the following exceptions apply: (i) the United States recommends that no sentence of imprisonment should be imposed; and (ii) the Court finds by clear-and-convincing evidence that the defendant is neither a flight risk nor a danger to the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii), (B). In the present case, the government has indicated that it will seek a custodial sentence.

4. If, as in the present case, these exceptions do not apply, the only way a defendant may remain out of custody pending sentencing is by showing that there are "exceptional reasons why detention would not be appropriate," and by showing by clear-and-convincing evidence that he or she is not a flight risk or a danger to the community. 18 U.S.C. § 3145(c), (*United States v. Lopez*, 184 F. Supp. 3d 1139). Mr. Hart has been on bond since his indictment, and the government has never argued, and a court has never found, that he is either a risk of flight or a danger to the community. Accordingly, the appropriate analysis is whether there are "exceptional reasons" for Mr. Hart to remain on bond pending sentencing.

5. The statutory provisions cited above do not define "exceptional reasons." In *United States v. Lopez*, the Court undertook an analysis of how to determine "exceptional reasons," noting the "Crawford Letter" (a letter from the Department of Justice to Senator Paul Simon proposing the "exceptional reasons" provision and suggesting hypothetical situations where it might apply) and its suggestion that "exceptional reasons exist where, due to a truly unusual circumstance or combination of circumstances, it would be unreasonable, despite the general policy favoring incarceration contained in section 3145(c), to order a particular defendant to be incarcerated pending [sentencing] or appeal." *Lopez at 7*, *citing United States v. Garcia*, 340 F.3d 1017 (9th Cir. 2003). The Lopez court further noted that "the Tenth Circuit has stated that a 'unique combination of circumstances giving rise to situations that are out of the ordinary' must exist." *Id.*, *citing United*

*States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (per curiam) (unpublished). "Exceptional reasons" means "being out of the ordinary: uncommon, rare." *Id*.

6. Whether the circumstances of a case satisfy a prescribed statutory standard, such as "exceptional reasons," presents a mixed question of law and fact. *United States v. Mutte*, 383 Fed. Appx. 716, (10th Cir. 2010). The Court noted further in *Mutte*, "A wide range of factors may bear upon the analysis." Id, (*citing United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003). The district court has "broad discretion to consider all the particular circumstances of the case before it and draw upon its broad experienced with the mainsprings of human conduct." *Id*. The question is "whether, due to any truly unusual facts or combination of factors, (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released…) it would be unreasonable to incarcerate the defendant" pending appeal. *Id.*

7. In this matter, a unique combination of factors exists that would make it unreasonable to incarcerate Mr. Hart pending sentencing. Similar to the *Mutte* case (affirming the District Court's finding of exceptional reasons), a broad range of factors is eligible for the Court's consideration.

8. First and perhaps foremost, the country is in the midst of an unprecedented Covid-19 pandemic that has infected more than one million Americans, and has killed more than 60,000 Americans. Worldwide, those numbers, of course, are significantly higher. While certain classes of people are at higher risk, such as those over the age of 60, the fact remains that Covid-19 is an indiscriminate killer, felling many people, including young people, that do not fall within the class of "high risk" as defined by the Centers for Disease Control. Given that social distancing, in general, and avoiding infected individuals in particular, are among the key methods of preventing

infection, such measures are difficult, if not impossible, in custodial settings. Similarly, constant hand washing, the use of hand sanitizer, quarantining and other common forms of infection avoidance are impossible in custodial settings, including the jails and prisons that hold federal detainees in the District of Colorado.

9. This Court has recognized the extraordinary nature of the pandemic, and its attendant exigent circumstances. In a series of General Orders, this Court has recognized, *inter alia*, that the President of the United States has declared a state of emergency, that Covid-19 is highly contagious, and that public health concerns mitigate against gatherings of people. See General Orders 2020-1, 2020-3, 2020-5, 2020-6, and 2020-7, applicable to the United States District Court for the District of Colorado. In these Orders, the Court has addressed logistics, procedures, access to the courthouse and appointment of counsel in compassionate release matters.

10. Defendant would humbly suggest that the pandemic, in and of itself, establishes "extraordinary circumstances" justifying him remaining on bond pending sentencing. That said, an additional exceptional circumstance pertains to Mr. Hart: as a living kidney donor, he is at increased risk of acute kidney injury if infected by Covid-19. Indeed, as reflected in a letter from Marita Dougherty, LCSW, of Presbyterian St. Luke's Medical Center, Mr. Hart's remaining kidney is performing the function of two kidneys, and "Mr. Hart is at a higher risk of morbidity and mortality during this Covid-19 pandemic." See Letter from Marita Dougherty, LCSW, dated April 2, 2020 and attached hereto as Exhibit A.

11. Accordingly, Mr. Hart and his counsel respectfully suggest that facts and circumstances exist justifying a finding by this Court that exceptional circumstances exist to allow Mr. Hart to remain on bond pending sentencing.

WHEREFORE, Defendant Jesse Wayne Hart respectfully moves this Court to allow him to remain on bond pending sentencing.

Respectfully submitted this 1st day of May, 2020

**RECHT KORNFELD, P.C.**

*s/ Abraham V. Hutt*
Abraham V. Hutt
Attorney for Defendant Hart
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
Fax: (303) 446-9400
abe@rklawpc.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
Attorney for Defendant Hart
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
Fax: (303) 446-9400
rick@rklawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2020, I electronically filed the foregoing **MOTION TO ALLOW DEFENDANT TO REMAIN OUT OF CUSTODY PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3145(C)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*
Erin Holweger