# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-369-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JESSE WAYNE HART,

    Defendant.

_____

## PLEA AGREEMENT
_____

The United States of America, by and through Andrea Surratt, Assistant United States Attorney, and the defendant, Jesse Wayne Hart, personally and through counsel, Rick Kornfeld and Abe Hutt, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I. PLEA AGREEMENT

This plea is pursuant to Fed. R. Crim. P. 11(c)(1)(A).

**A.    Defendant's Obligations**

    **1.    Count(s) of Conviction**

The defendant agrees to plead guilty to Count One of the Indictment, which charges a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846 (attempt to distribute and possess with intent to distribute 3,4-Methylenedioxy methamphetamine ("MDMA").

The defendant also agrees to forfeit the seized assets as described below.

    **2.    Waiver of Appeal**: The defendant is aware that 18 U.S.C. § 3742 affords

a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory Guidelines range for a total offense level of 21, or (3) the Government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing Guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### 3. Forfeiture of Assets

The defendant agrees to the forfeiture allegation and to forfeit to the United States immediately and voluntarily the following items pursuant to Title 21, United States Code, Section 853 whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The

assets to be forfeited specifically include, but are not limited to:

- A 2011 white BMW with VIN WBAKG1C51BE617492 (the "White BMW"); and

- A dark gray Trek road bicycle seized by the U.S. Postal Inspection Service on August 1, 2019 (the "Gray Trek") and currently in the custody of the USPIS.

- A pill press and associated parts seized by Homeland Security Investigations on January 27 and 29, 2019.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest defendant has in the White BMW, the Gray Trek, and the pill press and parts seized from the defendant to the United States.

**B.     Government's Obligations**

The Government agrees that, at the time of sentencing, it will move to dismiss Counts Two and Three of the Indictment.

Case 1:19-cr-00369-PAB Document 50 Filed 05/01/20 USDC Colorado Page 4 of 10

In exchange for the defendant's timely plea of guilty, the Government also agrees to recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing.

At the time of sentencing, the Government agrees to recommend a sentence of no more than 37 months' imprisonment (the bottom of the Guidelines as currently calculated).

## II. STATUTORY PENALTIES

The statutory penalty for the offense charged in Count One of the Indictment is not more than 20 years' imprisonment; not more than a $1,000,000 fine; not less than 3 years' supervised release or more than life supervised release; and a $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## III. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

4

## IV. **ELEMENTS OF THE OFFENSE**

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

1. The defendant intended to possess with intent to distribute or distribute MDMA, and

2. He took a substantial step toward possessing with intent to distribute or distributing MDMA.

## V. **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory Guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which do not contradict the facts to which the parties have stipulated and which are relevant to the Guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4 and 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the

stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." U.S.S.G. § 6B1.4 Comm.

The parties stipulate to the following facts:

In July 2019, the defendant ordered MDMA for delivery to a post office box (the "PO Box") in Denver, Colorado that he controlled. On July 12, 2019, law enforcement officers seized the parcel from the PO Box and searched it pursuant to a search warrant. A subsequent lab test revealed that the parcel contained 250.266 grams of MDMA. The PO Box had been opened in the name of "Jason Chullum," but with a photo ID bearing the defendant's photo. The defendant admits that he ordered this MDMA from an overseas vendor on the darknet with the intent to distribute it.

The parties agree that the following constitutes relevant conduct:

- On June 20, 2019, the defendant ordered 100 30 mg Adderall (amphetamine) pills from a U.S.-based vendor on the darknet with the intent to distribute those Adderall pills. These pills were subsequently delivered to "Jay Heart" at the defendant's address in Golden, CO.
- On July 2, 2019, the defendant ordered, for delivery in Denver, CO, 200 30 mg Adderall (amphetamine) pills from a U.S.-based vendor on the darknet with the intent to distribute those Adderall pills. These pills were never shipped or delivered.

The defendant agrees that the White BMW and the Gray Trek were both purchased with proceeds of drug trafficking offenses. He further agrees that the White BMW was used in furtherance of drug trafficking offenses by, among other things, being used to retrieve inbound parcels containing narcotics.

6

## VI. ADVISORY GUIDELINE COMPUTATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct Guideline range. To that end, the Government may make legal or factual arguments that affect the estimate below.

Offense Level:

A. The Guideline applicable to Count One is U.S.S.G. § 2D1.1. The defendant is responsible for 250.266 grams of MDMA and 300 30 mg amphetamine pills, or 9 grams of amphetamine. 250.266 grams of MDMA converts to 125,133 grams, or 125.133 kg, of converted drug weight. 9 grams of amphetamine converts to 18 kg of converted drug weight. The total converted drug weight for which the defendant is responsible is therefore 143.133 kg.

Case No. 1:19-cr-00369-PAB Document 52 filed 05/04/20 USDC Colorado pg 7 of 10

  B. Pursuant to U.S.S.G. § 2D1.1(c)(8), the defendant's base offense level is 24

  C. Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), 3 levels are subtracted because the defendant clearly and timely demonstrated acceptance of responsibility for the offense.

  D. The defendant's total offense level is therefore 21.

Criminal History:

  E. The parties acknowledge and agree that the estimation regarding the defendant's criminal history is tentative.  The defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court.  The defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final Guideline range and result in a longer term of imprisonment.  Based upon the facts known at this time regarding the defendant's criminal history, the parties believe that the defendant falls within Criminal History Category ("CHC") I.  § 4A1.1.

Guidelines Range:

  F. The Guidelines range resulting from the estimated offense level of 21 and the estimated Criminal History Category of I is 37-46 months' imprisonment.   The imprisonment range at offense level 21 could be from 37 (at the bottom of CHC I) to 96 (at the top of CHC VI).

  G. Pursuant to U.S.S.G. § 5E1.2, given an offense level of 21, the fine range for the offense of conviction would be $15,000 to $1,000,000, plus applicable interest and penalties.

8

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the Guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the Guideline range precludes either party from asking the Court, within the overall context of the Guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory Guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII. **ENTIRE AGREEMENT**

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor

9

the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 5/1/20

_____
Jesse Wayne Hart
Defendant

Date: 4/30/2020

_____
Rick Kornfeld/Abe Hutt
Attorney for Defendant

Date: 04/30/2020

_____
Andrea Surratt
Assistant U.S. Attorney

10