IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-369-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JESSE HART,

    Defendant.

## GOVERNMENT'S MOTION FOR VARIANT SENTENCE

    The United States of America, by and through the undersigned Assistant United States Attorneys, hereby recommends that the Court sentence defendant Jesse Hart to a variant sentence of 37 months' imprisonment.

### Facts and Procedural History

    As described in the plea agreement [ECF #50], the defendant ordered controlled substances—MDMA and Adderall—on the darknet, paid for the substances with bitcoin, and intended to redistribute those substances to other people.  In order to further conceal his activity, the defendant opened a PO box in a false name and using a fake ID with a photo of the defendant but bearing the false name.

    The defendant was arrested on August 1, 2019 and, on August 20, 2019, was charged in an indictment with violations of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 1956(a)(3)(b). [ECF #20].  On May 4, 2020, the defendant plead guilty pursuant to plea agreement to Count One of the indictment, charging attempt to

1

distribute and possess with intent to distribute MDMA.  [ECF #51, 52].  The defendant has been on bond since his arrest.

## Guidelines Calculation

In the plea agreement, the parties agreed that the defendant's base offense level for Count One, pursuant to U.S.S.G. § 2D1.1, is 24.  After subtracting 3 levels for acceptance of responsibly, the defendant's total offense level is 21.

The parties estimated that the defendant's criminal history category is I, but the Probation Department's calculation in the PSR places the defendant in criminal history category III.  After review of the PSR, the Government agrees with the Probation Department's calculation.  The defendant's Guidelines range is therefore 46-57 months' imprisonment.

## Request for a Variant Sentence

In the plea agreement, the Government agreed to recommend a sentence of no more than 37 months' imprisonment, which the Government believed was the low end of the defendant's Guidelines range.  Although the Probation Department has calculated a higher Guidelines range, the Government will stand by its plea agreement and recommend a sentence of 37 months' imprisonment.  This recommendation is based solely on the fact that the defendant offered to surrender a pill press to the Government in exchange for a recommendation for some sort of leniency at sentencing.  Though the defendant did not expect credit for cooperating (because he did not cooperate), in exchange for help getting the pill press off the street, the Government agreed to recommend a sentence at the low end of the Guidelines range instead of a sentence

2

squarely within the defendant's Guidelines range, which is what the Government would have otherwise recommended.

## Application of the 18 U.S.C. § 3553(a) Factors

### A. Nature and Circumstances of the Offense

In his sentencing submission, the defendant requests a wildly variant sentence of 37 months of home incarceration, instead of any prison time at all. [ECF #59]. The nature and circumstances of the offense, however, counsel against such an outrageously lenient sentence. The defendant went to great lengths to obtain drugs to redistribute, including concealing his activity via the darknet and further obfuscating how he received the drugs by obtaining a fake ID and opening a PO box under that identity.

While not a "traditional" drug dealer, the defendant's conduct nevertheless falls into the heartland of drug cases—he had a supplier and customers, and sought to profit by transferring drugs from one to the other. As noted in the PSR, the defendant's conduct is serious and the defendant "perpetrated the offense with no concern regarding the effect his actions had no specific individuals and on the community as a whole." [PSR Ex. A].

### B. History and Characteristics of the Defendant

The defendant spends most of his motion for a variant sentence attempting to convince the court that his personal history and characteristics warrant a variant sentence of many years off of his Guidelines range. While it is true that the defendant has accepted responsibility for the charged crimes, this is expected of all defendants who have pled guilty before this Court and receive credit under the Guidelines for such

acceptance of responsibility—it is not a grounds for an additional variance. The defendant also points to his drug addiction and difficult upbringing. Unfortunately, these two characteristics are all too common in defendants who appear before this Court, especially defendants who have been charged with drug offenses. They are not, however, a reason for this Court to grant the extraordinary variance sought by the defendant.

Finally, and more unusually, the defendant points to his prior organ donation and claims that it puts him at risk during the current pandemic, should be he sentenced to prison. The Bureau of Prisons has taken extraordinary efforts to protect prisoners in its custody, and there is no reason to believe that whatever facility to which the defendant is designated will not be able to accommodate any medical concerns that he has, even during a pandemic. While the defendant has an underlying medical condition that may make the consequences of catching COVID-19 potentially more severe absent his condition, the defendant acknowledges that he is not at increased risk for catching COVID-19 in the first place. This positions the defendant similarly to many other inmates who suffer from a wide spectrum of maladies, all of whom the BOP is working hard to keep safe. A non-incarceratory sentence in this case would be a miscarriage of justice, and the defendant's speculation about his underlying medical condition cannot be a reason to sentence the defendant as leniently as he seeks.

*C. The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)*

A significant prison sentence is necessary promote respect for the law, and to provide just punishment for the offenses. The defendant claims that he has already

suffered enough as a result of his conduct, including losing his ability to contribute to his household and maintain relationships.  As far as the Government is aware, however, the defendant has not maintained any legitimate employment for many years, and his only source of income was selling drugs.  So to the extent the defendant's ability to contribute to his household was compromised by his instant arrest, that was probably for the best.  [PSR ¶ 94 ("It appears clear the that the defendant was unwilling to support himself in a legal manner during the five years prior to his arrest.  Upon advice from counsel, the defendant did not answer questions regarding hos he was able to support himself financially between 2014 and 2019.")].

## Sentencing Recommendation

For the reasons described herein, a non-incarceratory sentence is entirely inappropriate in this case, and the Government recommends a variant sentence of 37 months' imprisonment.

Respectfully submitted this 31st day of July, 2020.

        JASON R. DUNN
        United States Attorney

By:   *s/ Andrea Surratt*
       Andrea Surratt
       Assistant United States Attorney
       U.S. Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       Telephone: (303) 454-0100
       e-mail:  Andrea.Surratt@usdoj.gov
       Attorney for the Government